# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER GONZALEZ BENITEZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:16-cv-01573-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I. INTRODUCTION

Plaintiff Javier Benitez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having considered the parties' briefs, along with the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge Barbara A. McAuliffe. (Doc 6, 8).

1

## II. BACKGROUND

Plaintiff applied for benefits on November 15, 2012, alleging disability beginning February 21, 2009, due to "seizures and convulsions [from a] gunshot to [the] head and legs." AR 178-188. The application was denied initially and on reconsideration. On April 14, 2015, a hearing was held before ALJ Sharon L. Madsen. AR 37. Plaintiff, along with his attorney and a Spanish interpreter, appeared and testified. AR 30-49. The ALJ also heard testimony from Cheryl R. Chandler, a vocational expert. AR 45-49.

In a decision dated May 22, 2015, the ALJ found that Plaintiff was not disabled because, despite some impairment, Plaintiff retained the residual functional capacity (RFC) to perform the full range of work at all exertion levels with some hazard precautions. AR 21. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final determination for purposes of judicial review. AR 1-6. This appeal followed.

## III. STANARD OF REVIEW

### 1. Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## 2. Disability Standard

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## 3. The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 21, 2009, the alleged onset date. AR 17. The ALJ identified seizure disorder, status-post gunshot wound to head, and headaches as severe impairments. AR 19. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 23.

Based on her review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work at all exertion levels with some hazard precautions. AR 21. Due to seizures, the ALJ found that Plaintiff could not perform his past relevant work as a taxi driver, however given Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that he could perform. AR 24-25.

## IV. DISCUSSION[2]

On appeal, Plaintiff raises three related issues: (1) whether the ALJ erred at Step Two of the five-step sequential evaluation process in finding that his mood disorder and/or other mental impairments were not severe impairments; (2) whether the ALJ erred in failing to fully develop the

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

3

record; and (3) whether the ALJ erred at Step five in propounding hypotheticals to the vocational expert. (Doc. 14).

### 1. The ALJ Did Not Err at Step Two

Plaintiff first argues that the ALJ's determination that he did not suffer from a severe mental impairment was error. (Doc. 14 at 4-11). At step two, a claimant must make a "threshold showing" that (1) he has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *Bowen v. Yucket*, 482 U.S. 137, 146-47 (1987); *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). Thus, the burden of proof is on the claimant to establish a medically determinable severe impairment that significantly limits his physical or mental ability to do basic work activities, or the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), 416.921(a).

In arguing that the record demonstrates more than a minimal mental health impairment, Plaintiff points to his medical treatment notes from Fresno County Behavioral Health where on April 1, 2014, he presented with: "1) depressed mood/crying episodes/isolation, little interest or pleasure in doing things 7 days per week" and a reported history of "paranoia, agitation daily/extreme nervousness/intense worrying, restless, nightmares fearful of getting shot 7 days per week; [Plaintiff] reports depression set in February 21, 2009." AR 801-06. Associate social worker, Elsa Hernandez, diagnosed Plaintiff with "Axis I – Major Depressive Disorder, single episode, severe without psychotic features, and posttraumatic stress disorder." AR 805. His GAF was reported as 55. AR 805.

Four months later, on August 19, 2014, Plaintiff began treating with Colleen Connor, M.D. AR 798. Dr. Connor noted that Plaintiff's depression had improved since the April 2014 initial intake appointment, but that he appeared paranoid and defensive. AR 799. Dr. Connor diagnosed "mood disorder NOS secondary to head injury and posttraumatic stress disorder (PTSD);" she also prescribed Zoloft. AR 800. Plaintiff saw Dr. Connor again on November 3, 2014 and January 29, 2015 where she noted that Plaintiff's mood disorder and PTSD were affected by his "occupation, economic, [and] other problems." AR 792, 794-795.

In reviewing the evidence submitted by Dr. Connor, the ALJ determined that while Plaintiff's "anxiety" was documented in the record, this "impairment does not have more than a minimal effect

4

on [Plaintiff's] ability to work and is non-severe." AR 19. This was a correct determination for several reasons. First, although the ALJ must consider limitations imposed by all impairments, including non-severe impairments, *see* SSR 96–8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996), Plaintiff does not identify any functional limitations that were suggested by the diagnosing physician yet ignored by the ALJ.

The Ninth Circuit has held that "[t]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993). In other words, a medical diagnosis alone does not make an impairment qualify as "severe." *See Febach v. Colvin*, 580 Fed.Appx. 530, 531 (9th Cir. 2014) ("Although [claimant] was diagnosed with depression, that diagnosis alone is insufficient for finding a 'severe' impairment[.] ... There was sufficient evidence ... for the ALJ to conclude that [his] depression is not 'severe,' including reports by at least three of [his] physicians suggesting that his impairment is 'non-severe.'").

In *Parks v. Astrue*, 304 Fed.Appx. 503 (9th Cir. 2008), the Ninth Circuit, noted in affirming an ALJ's step two finding:

> Although treating psychiatrists diagnosed [claimant] with major depression in both 2001 and 2004, neither expressed an opinion as to any resulting limitations, and [claimant] infrequently sought mental health treatment. Further, the state agency examining psychologist found only mild functional limitations, with the most recent examination reporting a 'fair to good' prognosis and finding that [claimant] had the ability to perform detailed and complex tasks, maintain adequate concentration, persistence and pace, maintain adequate social functioning, and adapt to the usual stresses of competitive work.

*Id.* at 506. Like in *Parks*, while the record here demonstrates that Plaintiff was diagnosed with depression, "mood disorder NOS secondary to head injury [,] and PTSD," no physician or mental health provider expressed an opinion as to the effect(s), if any, of Plaintiff's diagnosed mental impairments on his ability to do basic work activities. *See* AR 21, 730-806. Dr. Connor described Plaintiff's statements and medication history before observing that Plaintiff appeared calm, he exhibited no paranoia, his affect was less constricted, and his anxiety, irritability, and depression had improved in response to the medication. AR 795-96. Aside from the diagnosis of mood disorder and PTSD, Dr. Connor provided no further opinion for the ALJ's consideration.

The "paragraph B" criteria set forth in 20 C.F.R., Pt. 404, Subpart P, App. 1 are used to evaluate the mental impairments of a claimant, and include: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *See* id. The Regulations inform claimants:

> If we rate the degree of your limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.

20 C.F.R. § 404.1520a(d)(1). Based on the record, the ALJ concluded Plaintiff had "no limitation" in activities of daily living and a "mild limitation" in concentration, persistence, or pace. AR 20. The ALJ also found Plaintiff had "no limitation" with social functioning, and no episodes of decompensation. AR 20. As a result, the ALJ appropriately concluded that Plaintiff's mental impairment are non-severe. AR 21.

Second, the record supports the conclusion that Plaintiff's mental condition was reasonably well controlled. On January 29, 2015, Plaintiff's most recent visit on record with Dr. Connor, Plaintiff reported that he only experienced depression "at times," the medications had improved his symptoms, and he was sleeping well with no side effects. AR 792. Dr. Connor further assessed improvements in Plaintiff's anxiety, irritability, depression, and sleep. AR 793. She noted that although Plaintiff had been referred for therapy, he did "not seem very motivated to participate in any therapy yet. He is content at home. We discussed that he may not need case management." AR 794. Dr. Connor also assessed a GAF score of 65, which is indicative of mild symptoms. AR 793. *See Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Accordingly, the record contains substantial evidence that Plaintiff's alleged mental impairments could be controlled with proper treatment.

Third, substantial evidence including the findings of consultative examiner, Steven Swanson, Ph. D. and reviewing physician Dr. Aquino-Caro supports the ALJ's determination at Step Two. Drs. Swanson and Aquino-Caro both determined that Plaintiff had no limitations in performing activities of daily living and in social functioning. AR 19-20, 678, 682. Dr. Swanson opined that Plaintiff "did not

6

exhibit symptoms consistent with a major mental disorder." AR 20. Additionally, Plaintiff was able to "maintain concentration, relate appropriately to others in a job setting" and he could "understand, carry out, and remember simple instructions." AR 682. Previously, this Court explained: "The role of this Court is not to second guess the ALJ and reevaluate the evidence, but rather it must determine whether the decision is supported by substantial evidence and free of legal error." *Gallardo v. Astrue*, 2008 U.S. Dist. LEXIS 84059, at *30, 2008 WL 4183985 (E.D. Cal. Sept. 10, 2008); *see also German v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 25691 at *11-12 (E.D. Cal. Mar. 14, 2011) ("[i]t is not for this court to reevaluate the evidence"). When the opinion of a physician, such as Dr. Swanson's "rest [ ] on independent examination," the opinion constitutes substantial evidence. *Tonapetyan*, 242 F.3d at 1149; *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (when an examining physician provides independent clinical findings, such findings are substantial evidence). Consequently, the ALJ's step two determination is supported by substantial evidence in the record. *See* 20 C.F.R. § 416.921(a).

Finally, even assuming that the ALJ incorrectly found that Plaintiff's mental impairments did not constitute "severe" impairments, any error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Because the ALJ found another impairment to be severe at step two, the ALJ proceeded to the subsequent steps of the sequential disability evaluation process. Before proceeding to step four, the ALJ discussed and considered all of Plaintiff's complaints including his "seizure disorder, status-post gunshot wound to head, and headaches" when crafting the RFC. AR 21 ("I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[.]"); AR 23 ("the claimant also reported mental health problems, but there are no reports of psychiatric hospitalizations, mental health treatment, or counseling. In addition, the claimant has not required any significant treatment for this condition except medications. For these reasons, I give little weight to the claimant's allegations of disability because they are not supported by the overall medical evidence of record or opinion evidence."); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (even if the ALJ erred by not including an impairment at step two, any error was harmless because the ALJ considered the limitations posed thereby at step four). These complaints were discounted because Plaintiff's

credibility was undermined and because they were not sufficiently supported by the overall medical evidence of record or opinion evidence. AR23.

Accordingly, the Court finds no error at Step Two.

### 2. The ALJ had No Obligation to Further Develop the Record

Next, Plaintiff asserts that the ALJ should have ordered a second psychological consultative examination because he presented credible evidence of mental impairments after the initial consultative examination. The Court disagrees.

The ALJ has an independent duty to develop the record, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*citing Smolen*, 80 F.3d at 1288). However, it is the claimant's duty to prove that he is disabled. *Mayes v. Massanari*, 276 F.3d 453, 458 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes*, 276 F.3d at 459-60 (*citing Tonapetyan*, 242 F.3d at 1150).

Here, the ALJ's duty was not triggered because the record was neither ambiguous nor inadequate for a proper evaluation. In this case, the ALJ considered the entire record, including the additional treatment records submitted by Dr. Connor, but ultimately assessed a RFC that was adequately supported by substantial evidence. This is not a case where a serious new impairment manifested, or Plaintiff's condition significantly worsened, after the experts formulated their opinions. Rather, the treating records upon which Plaintiff relies demonstrate that his symptoms of depression and/or other mental impairments improved over time and have since stabilized. Indeed, Plaintiff testified at the administrative hearing that his mental health symptoms were well-controlled with medication. AR 41.

Plaintiff has not identified why further evidence is necessary when the most recent records, including Plaintiff's testimony at the administrative hearing demonstrate that his mental health symptoms abated and were well-controlled with medication. Therefore, substantial evidence, including the specific opinions of examining physician Dr. Swanson, reviewing physician Dr. Aquino-

Caro, as well as the notes from Plaintiff's treating physician, and Plaintiff's own testimony supports the ALJ's findings. *See* AR 41, 792-96; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record"). Thus, the ALJ had no obligation to further develop the record.

### 3. The ALJ Did Not Err at Step Five

Finally, Plaintiff argues that the ALJ erred at Step Five by failing to include his mental impairments in hypothetical questions to the vocational expert. The Court again disagrees with Plaintiff's position.

Plaintiff's contention that the ALJ's step five analysis is flawed essentially restates his argument that the ALJ improperly rejected his mental impairment evidence. Plaintiff does not argue that the hypothetical posed to the VE failed to include all the limitations found in his RFC, instead Plaintiff contends that "there is simply no way to know whether a person with [his mental impairments] could perform 'a full range of work at all exertional levels' as found by the ALJ." (Doc. 14 at 9). Because substantial evidence supports the ALJ's RFC finding, the hypothetical posed to the VE properly encompassed all of Plaintiff's limitations. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2008) ("In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental, supported by the record"); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) ("It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record"). Although Plaintiff argues for a different reading of the record, the ALJ's interpretation of the evidence was rational and should be upheld. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). On this record, the reliance by the ALJ on the vocational expert's testimony was proper.

### V. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

9

The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Javier Gonzalez Benitez.

IT IS SO ORDERED.

Dated: __**March 28, 2018**__  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE